■ UNITED STATES FIRE INSURANCE COMPANY et al., Respondents, v CONTRACTORS COVERAGE CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered November 26, 1976, unanimously modified, in the exercise of discretion, to strike the words "for a preliminary injunction" from the first decretal paragraph thereof, and otherwise affirmed. Respondents shall recover of appellants $40 costs and disbursements of this appeal. *The stricken words were obviously left in the order by inadvertence when all other references to injunctive relief were stricken out.* The relief granted: attachment, depositions in aid thereof, provision for a bond—are all clearly supported by the averments in the papers indicating entitlement to this relief. *The examinations will proceed on dates to be agreed upon within 10 days of service of the order entered hereon.* Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.

■ LOEB, RHOADES & Co., Respondents, v HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant.—Judgment, Supreme Court, New York County, entered on September 30, 1976, affirmed for the reasons stated by Edwards, J., on denial of motion to set aside the verdict. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Lupiano, Capozzoli and Lane, JJ.; Murphy, P. J., dissents in the following memorandum: Subdivision (i) of exclusion in the subject insurance policy provides: "Section 2. THIS BOND DOES NOT COVER: * * * (1) *loss resulting from trading, with or without the knowledge of the Insured, in the name of the Insured or otherwise, whether or not represented by any indebtedness or balance shown to be due the Insured on any customer's account, actual or fictitious,* except when covered under Insuring Agreement (A), (D) or (E)". Insuring agreement (A) provides as follows: "Loss through any dishonest or fraudulent act of the Employees, committed anywhere and whether committed alone or in collusion with others, including loss, through any such act of any of the Employees, of Property held by the Insured for any purpose or in any capacity and whether so held gratuitously or not and whether or not the Insured is liable therefor." Under a rider to the policy, Hartford's liability with respect to losses resulting from trading was limited to $2,000,000. When subdivision (i) of exclusion 2 and insuring agreement (A) are read in tandem, it is clear that Loeb could not recover for losses resulting from "honest trading". However, Loeb could recover for the "dishonest trading" of one of its employees. In this proceeding, Loeb's losses were proximately caused by the unauthorized trading of its dishonest employee. Hence, its recovery under the policy should be limited to the sum of $2,000,000, as provided in the rider. The manipulation of Loeb's records by the dishonest employee was incidental to his "dishonest trading" and merely delayed the discovery of that trading. I would reverse the judgment and dismiss the complaint.